**LEWIS BRISBOIS BISGAARD & SMITH LLP**
MATTHEW D. KLEIFIELD, SB #011564
Matthew.Kleifield@lewisbrisbois.com
ROBERT C. ASHLEY, SB #22335
Robert.Ashley@lewisbrisbois.com
J. WILLIAM VANDEHEI, SB #035832
William.VanDehei@lewisbrisbois.com
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051

Attorneys for Defendant Mercedes-Benz USA, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA, PHOENIX

| | |
|---|---|
| Zakia Jackline Rajabian, a married woman, and Dulceria La Bonita Wholesale, LLC, an Arizona corporation, | Case No. 2:23-cv-00168-MTL |
| Plaintiffs, | **ANSWER TO COMPLAINT** |
| vs. | Honorable Michael T. Liburdi |
| Mercedes-Benz USA, LLC, a New York limited liability company; Phoenix Motor Company, Inc. d/b/a Mercedes-Benz of Scottsdale, an Arizona corporation; Vern Foutz, a married man; Jane Doe Foutz, a married woman; Jeff Nowak, a married man; Jane Doe Nowak, a married woman; Gus Gonzales, a married man; Jane Doe Gonzales, a married woman; Lionheart Security International Consulting, LLC, an Arizona limited liability company; Gerald Scheibly, a married man; Jane Doe Scheibly, a married woman, | |
| Defendants. | |

90608655.1

Defendant Mercedes-Benz, USA, LLC, by and through undersigned counsel, hereby files its Answer to Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

2. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

3. Answering Defendant admits the allegations contained therein.

4. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

5. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

6. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

7. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

8. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

9. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

10. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

11. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

12. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

13. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.



14. Answering Defendant denies the allegations contained therein.

15. Answering Defendant admits the allegations contained therein.

16. Answering Defendant admits the allegations contained therein.

## **GENERAL ALLEGATIONS**

17. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

18. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

19. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

20. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

21. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

22. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

23. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

24. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

25. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

26. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

27. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

28. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

Case 2:23-cv-00168-MTL   Document 7   Filed 02/22/23   Page 4 of 17

29. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

30. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

31. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

32. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

33. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

34. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

35. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

36. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

37. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

38. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

39. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

40. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

41. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

42. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

90608655.1                                         4

43. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

44. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

45. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

46. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

47. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

48. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

49. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

50. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

51. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

52. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

53. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

54. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

55. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

56. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

57. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

58. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

59. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

60. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

61. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

62. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

63. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

64. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

65. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

66. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

67. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

68. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

69. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

70. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

71. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

72. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

73. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

74. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

75. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

76. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

77. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

78. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

79. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

80. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## **COUNT ONE – INVASION OF PRIVACY**

**(Mercedes, Foutz, Gonzales and Norwak)**

81. Answering Defendant repeats and re-alleges its answers to each and every preceding paragraph as though fully set forth herein.

82. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

83. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

84. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

85. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

86. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

87. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

88. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

89. Answering Defendant denies the allegations contained therein.

90. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

91. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

92. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

93. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

94. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

95. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

96. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

97. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

98. Answering Defendant denies the allegations contained therein.

99. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

100. Answering Defendant denies the allegations contained therein.

101. Answering Defendant denies the allegations contained therein.

## COUNT TWO – AIDING AND ABETTING

### (Mercedes, Phoenix Motor, Foutz, Gonzales and Nowak)

102. Answering Defendant repeats and re-alleges its answers to each and every preceding paragraph as though fully set forth herein.

103. Answering Defendant denies the allegations contained therein.

104. Answering Defendant denies the allegations contained therein.

105. Answering Defendant denies the allegations contained therein.

106. Answering Defendant denies the allegations contained therein.

107. Answering Defendant denies the allegations contained therein.

108. Answering Defendant denies the allegations contained therein.

109. Answering Defendant denies the allegations contained therein.

110. Answering Defendant denies the allegations contained therein.

111. Answering Defendant denies the allegations contained therein.

112. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

113. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## COUNT THREE-UNFAIR TRADE PRACTICES (Violation of 15 U.S.C.A. §§ 41-58)

### (Mercedes, Phoenix Motor, Foutz, Gonzales, and Novak (including Aiding and Abetting)

114. Answering Defendant repeats and re-alleges its answers to each and every preceding paragraph as though fully set forth herein.

115. Answering Defendant denies the allegations contained therein.

116. Answering Defendant denies the allegations contained therein.



1  117.  Answering Defendant denies the allegations contained therein.

2  118.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

4  119.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## COUNT FOUR-VIOLATION OF 18 U.S.C.A. § 2511 (Interception and Disclosure of Wire, Oral or Electronic Communications)

### (Mercedes, Phoenix Motor, Foutz, Gonzales, and Nowak (including Aiding and Abetting)

120.  Answering Defendant repeats and re-alleges its answers to each and every preceding paragraph as though fully set forth herein.

121.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

122.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

123.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

124.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

125.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

126.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

127.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

128.  Answering Defendant denies the allegations contained therein.

129.  Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

130. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

131. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

132. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

133. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

## COUNT FIVE-VIOLATION OF A.R.S. § 13-2316
### (Mercedes, Foutz, Gonzales, and Nowak (including Aiding and Abetting)

134. Answering Defendant repeats and re-alleges its answers to each and every preceding paragraph as though fully set forth herein.

135. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

136. Answering Defendant denies the allegations contained therein.

137. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

138. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

139. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

140. Answering Defendant denies the allegations contained therein.

141. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

142. Answering Defendant lacks knowledge or information sufficient to form a belief concerning the truth of the allegations contained therein and thus denies same.

///

///

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiffs' damages may be barred, in whole or in part, by the doctrine of spoliation.

3. The damages, if any, suffered by Plaintiffs were the result of, and was caused solely and proximately by, the act, fault, conduct, or negligence of persons or entities other than Defendant; such negligence, fault, act, or conduct was of a character not reasonably to be expected to happen in the natural sequence of events; and such negligence, fault, act, or conduct was the independent, intervening, and superseding cause, and therefore, the sole proximate cause of any such damages, thus relieving Defendant of any liability.

4. Plaintiffs' alleged damages, if any, were the result of Plaintiffs' own negligence, negligence per se, carelessness, inattention, assumption of risk, or otherwise wrongful or unsafe act; and Plaintiffs' damages should thereby be reduced or eliminated by Plaintiffs' own percentage of negligence and fault under the doctrine of comparative fault.

5. Plaintiffs' alleged damages, if any, were caused, in whole or in part, by the conduct of others for whom Defendant is not responsible, and Defendant's liability, if any, should be limited to its own fault; consequently, pursuant to A.R.S. §§ 12-2503 and 12-2506, the relative degree of fault of all parties and other persons or entities must be determined and apportioned as a whole or at one time by the trier of fact herewith.

6. Plaintiffs' claims are barred pursuant to the relevant statute(s) of limitations.

7. Plaintiffs consented to the actions alleged herein and therefore Defendants were protected by absolute and/or conditional privileges and immunities.

8. The Complaint is barred as to Defendant because the Court lacks personal jurisdiction over it.

9. The Complaint is barred because the Court lacks subject matter jurisdiction over the claims therein.

10. Plaintiffs' claims are barred by the doctrines of unclean hands, accord and satisfaction, laches, waiver, estoppel, issue/claim preclusion and/or duress.

11. Defendant further affirmatively put Plaintiffs and other parties on notice that it has reason to believe that one or more affirmative defenses under the applicable law of this jurisdiction may be available to it. Discovery is at an early state, and Defendant has not yet had an opportunity to conduct discovery. Defendant also wishes to reserve the right to amend its pleadings at the close of discovery to assert whatever further defenses may be available to it. In addition, Defendant asserts and reserves all affirmative defenses under Rule 12(b) of the Arizona Rules of Civil Procedure, including but not limited to defenses under Rule 12(b)(6), as well as failure to mitigate damages.

12. Plaintiffs' claim for punitive damages is deficient for the following reasons:

   a) Punitive damages are not a separate claim in Arizona.

   b) The conduct, even as alleged, does not meet the standards for punitive damages.

   c) The imposition of punitive damages sought by Plaintiffs violates the due process and equal protection rights of Answering Defendant under the Fourteenth Amendment to the United States Constitution and under Article II, Sections 4 and 13, of the Arizona Constitution in that:

      (1) Arizona law and the Arizona punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Arizona law and the Arizona punitive damage scheme leave the determination whether to award, and, if so, the amount of punitive damages, to the arbitrary discretion of the trier-of-fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(2) Answering Defendant has no notice of or means of ascertaining whether, or in what amount, it might be subject to a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Answering Defendant to punitive damages or as to the potential amount of such an award.

(3) Under Arizona law and the Arizona punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the principles of deterrence and punishment.

(4) Under Arizona law and the Arizona punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

(5) No provision of Arizona law or the Arizona punitive damage scheme provides adequate procedural and substantive safeguards consistent with the criteria set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

(6) Arizona law and the Arizona punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(7) Arizona law and the Arizona punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review.

(8) In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Arizona law and the Arizona punitive damage scheme place undue emphasis on a defendant's

wealth as a basis for making and enhancing a punitive damage award, and do not require that the award must not be based on any desire to redistribute wealth.

    (9) Under Arizona law and the Arizona punitive damage scheme, there is no limit on the number of times Answering Defendant could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

    (10) Arizona law and the Arizona punitive damage scheme permit a punitive damage award without requiring or affording a defendant a right to bifurcation of the trial as to punitive damage issues.

  (d) The net effect of Arizona's punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner. The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or intent. As a result, the federal and state (U.S. Const. Amend. 14; Ariz. Const. Art. II, §13) constitutional mandates for equal protection are violated. Insofar as the lodestone of the Arizona punitive damage system is the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal protection mandates.

  (e) Insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Arizona law for conduct in other states, the award violates:

    (1) Answering Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and Article II, Section 4 of the Arizona Constitution;

    (2) the dormant or negative commerce clause derived from Article I, Section 8, clause 3, of the United States Constitution;

    (3) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; and



(4) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres.

WHEREFORE, having fully defended Plaintiff's claims, Defendant prays that:

A. Plaintiffs' Complaint be dismissed with prejudice as to it and that Plaintiffs take nothing thereby;

B. Defendant be awarded its costs incurred in connection with the defense of this matter;

C. Defendant be awarded its attorney's fees pursuant to A.R.S. sec. 12-349;

D. Defendant be awarded such other and further relief as the Court deems just and proper.

DATED this 22nd day of February, 2023.

          LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  /s/ Matthew D. Kleifield
   Matthew D. Kleifield
   Robert C. Ashley
   J. William VanDehei
   Attorneys for Defendant Mercedes-Benz USA, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 22, 2023, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael A. Schern, Esq.
Michael Robert Somers, Esq.
Jennifer Putnam Ooms, Esq.
SCHERN RICHARDSON FINTER, PLC
1640 S. Stapley Drive, Ste. 132
Mesa, Arizona  85204
courtdocs@srflawfirm.com
mike@srflawfirm.com
rob@srflawfirm.com
jen@srflawfirm.com
*Attorneys for Plaintiffs*


/s/ Allison E. Moore