SCHERN RICHARDSON FINTER
Michael A. Schern #022996
Aaron M. Finter #022437
Michael Robert Somers #017501
1640 S. Stapley Drive, Suite 132
Mesa, Arizona 85204
Email: courtdocs@srflawfirm.com
Tel: (480) 632-1929
*Attorneys for Plaintiffs*
*Rajabian and Dulceria La Bonita*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Zakia Jackline Rajabian, a married woman, and Dulceria La Bonita Wholesale, LLC, an Arizona Corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>Mercedes-Benz USA, LLC, a New York limited liability company Phoenix Motor Company, d/b/a Mercedes-Benz of Scottsdale, an Arizona Corporation; Vern Foutz, a married man; Jane Doe Foutz, a married woman; Jeff Nowak, a married man; Jane Doe Nowak, a married woman; Gus Gonzales, a married man; Jane Doe Gonzales, a married woman; Lionheart Security International Consulting, LLC, an Arizona limited liability company; Gerald Scheibly, a married man; Jane Doe Scheibly, a married woman,<br><br>        Defendants. | No. 2:23-cv-00168-MTL<br><br><br>**PLAINTIFFS' MOTION TO LIFT STAY** |

Plaintiffs Zakia Jackline Rajabian and Dulceria La Bonita Wholesale, LLC (collectively "Dulceria"), by and through undersigned counsel, hereby respectfully request that this Court lift the stay of this case imposed on November 22, 2023 [Doc. 76]. After this Court's ruling, Plaintiffs sought to bring its claims against Mercedes-Benz USA, LLC ("Mercedes"), Lionheart Security

International Consulting, LLC ("Lionheart"), Vern Foutz, Jeff Nowak, and Gus Gonzales in the state court action, filing a Motion for Leave to File Amended Counterclaims and Third-Party Complaint on January 10, 2024. Despite knowing that the motion was filed to specifically bring claims from the federal case to the state court case, consistent with the factors supporting abstention, Phoenix Motor Company ("Phoenix Motor") opposed the motion, and on March 13, 2024, Judge Cooper only granted the motion in part, to allow additional claims to be asserted against Phoenix Motor. (See Rulings, attached hereto as **Exhibit C**.) As of March 20, 2024, Mercedes, Lionheart, and the Phoenix Motor employees find themselves awaiting the outcome of the state court action to resume defending Dulceria's claims in this forum.

The purpose of abstention is to promote judicial economy and avoid piecemeal litigation. Right now, the state court action can only address Dulceria's claims against one party to this action, Phoenix Motor. It is without question that no matter how those claims are resolved, they will not fully resolve the claims against the other defendants in this action. The stay in this case must be lifted because the doctrine of abstention cannot be properly invoked where the state court action does not resolve all of the claims against all of the parties in the federal court case. One of the primary factors cited by the Court in invoking abstention was that Dulceria could have brought several claims in state court, but did not. The *Colorado River* doctrine of abstention does not ask what claims could have been brought, it asks whether such claims are currently the subject of both cases. "(I)t was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Colorado River Water Conservation Dist. v. United States*,, 424 U.S. 800, 813–14, 96 S. Ct. 1236, 1244, 47 L. Ed. 2d 483 (1976). As of now, the claims and parties in this case cannot all be the subject of the pending state court litigation.

The only decision reached in the state court case that goes to the merits is a partial one, which was reached after the complaint was filed in this case. On January 25, 2023, Dulceria filed this action, and on January 30, 2023, Judge Cooper issued her ruling on competing motions for

summary judgment that only determined one part of one claim: that Phoenix Motor obtained an ownership interest in the Vehicle on October 28, 2021, and that Nick Kotoukian later "stole" the vehicle when he traded it in to Mercedes-Benz of North Scottsdale ("MB North Scottsdale"). Judge Cooper did not determine that Dulceria is liable for conversion, nor did she order that the Vehicle be returned to Phoenix Motor's possession.[1]  Dulceria is the legal owner of the Vehicle, with all of the rights and benefits of ownership since the time of purchase, subject only to Phoenix Motor's right to invoke replevin to take that title and possession.  Phoenix Motor has not done so, and instead has chosen to sue for conversion damages, which election necessarily means it does not lawfully "own" the Vehicle.  Moreover, Mercedes-Benz Financial Services USA, LLC ("MBFS") has filed a motion for summary judgment on its declaratory relief count, which seeks to reverse in part the court's January 30, 2023 ruling, to establish that Kotoukian did transfer good title to MB North Scottsdale, and therefore Dulceria received good title.  The title issue is no doubt destined to be resolved in the Arizona Court of Appeals, and that issue should not impede this litigation.  Therefore, this Court may hear Dulceria's claims against all of the defendants, because the outcome of the state court action will not provide any defenses for any of them, including Phoenix Motor.

Dulceria attempted in good faith to essentially consolidate this action in the state court case, only to be rebuffed by the Superior Court and Phoenix Motor.  Therefore, a premise of this Court's order granting abstention has been disproven, that Dulceria could have been litigating in state court against the same defendants and asserting the same claims.  Whether or not the state court's latest ruling is reversible error remains to be seen, however it creates a litigation posture

---

[1] In fact, when the state court ruled via a Temporary Restraining Order that Phoenix Motor could take possession of the Vehicle, the Arizona Supreme Court vacated that order and required Phoenix Motor to proceed in replevin.  (See November 1, 2022 Order of the Supreme Court, attached hereto as **Exhibit A**.)  When Dulceria asked the state court for an appealable order on the issue of title and Phoenix Motor's conversion claim, the court responded, "The Ruling is not Rule 54(b) eligible.  Not one claim in this case has been fully resolved.  The Cross-Motions presented, and the Court decided, one part of one claim (Count 3 for Conversion) from among the multiple claims and counterclaims pending."  (See Ruling re Request for Signed Final Order dated May 24, 2023, attached hereto as **Exhibit B**.)

that argues against abstention and in favor of this Court resuming this litigation. Dulceria respectfully requests that this Court lift its stay order and continue with the litigation of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    The State Court Forum Has Proven To Be Inadequate, And Further Proceedings Are Required In This Forum.

A complete discussion of the doctrine of abstention should not be necessary to support Dulcieria's motion. The Court has received extensive briefing on the doctrine previously. This motion is being brought because the facts and circumstances have changed, such that Dulceria has been left without a forum to litigate several of its claims against several of the defendants, in fact all but one defendant. The doctrine of abstention should not be invoked to deny Dulceria a forum for its claims. A stay 'ensures that the federal forum will remain open if for some unexpected reason the state forum.... turn[s] out to be inadequate.'" *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017). The state court forum has revealed itself to be inadequate to address all of Dulceria's claims against all of the defendants. It would be inappropriate to stay this case "if there is 'any substantial doubt' as to whether 'parallel state-court litigation will be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties.' . . .. [A] *Colorado River* stay 'necessarily contemplates that the federal court will have *nothing further to do* in resolving any substantive part of the case. . . .. When one possible outcome of parallel state court proceedings is continued federal litigation, we find a 'substantial doubt' that the state court action will provide a 'complete and prompt resolution of the issues,' because the federal court may well have something 'further to do.''" *Ernest Bock, LLC v. Steelman,* No. 22-15466, 2023 WL 4940428, at *9 (9th Cir. Aug. 3, 2023)(internal citations omitted). The state court's denial of Dulceria's motion to amend ensured that this Court now has "something further to do", therefore the stay should be lifted now.

## II.     The Cases May Proceed In Parallel, Even If There Are Overlapping Issues And Claims.

The existence of the state court action is no bar to this case proceeding.  "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . .'  . . .. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.  Given this obligation, and the absence of weightier considerations of constitutional adjudication and state-federal relations, the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Colorado River*, 424 U.S. at 817–18, 96 S. Ct. at 1246, 47 L. Ed. 2d 483 (1976)(internal citations omitted).  At this point, only the claims against Phoenix Motor are "overlapping".  Abstention should not be invoked for that insubstantial reason.

"The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system.  As the Court wrote in *Atlantic Coast Line Railroad v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970):  '[T]he state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts.' *Id*. at 295, 90 S.Ct. 1739 (citing *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922)). The Ninth Circuit Court of Appeals has recognized that this rule can produce 'inefficient simultaneous litigation in state and federal courts on the same issue.... But this is one of the costs of our dual court system....'" *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003).  Phoenix Motor has no basis for seeking dismissal of this action or a stay just because it is involved in both courts on an "identical claim" for Invasion of Privacy.  It is entirely proper for identical cases to be litigated in both courts simultaneously.

**III.    Several Factors In The Abstention Analysis Favor Lifting The Stay.**

The Court found that complete parallelism was not required to invoke abstention, but these two cases are far from parallel. "The Ninth Circuit has determined that 'exact parallelism' is not required when determining whether the Colorado River doctrine is applicable. The Fourth Circuit clarified finding that parallel proceedings occur when 'substantially the same parties litigate substantially the same issues in different forums.' The first step to determining whether the instant litigation and the Arizona Action are substantially parallel is to analyze the parties involved.  In the Arizona Action, the parties are HRH Arizona, HRH, Ms. Munson, Mr. Cleinman, and Driver. In the case at bar, the parties are HRH, the parent of HRH Arizona, Mr. Cleinman and Driver. Thus, all parties that are involved in the instant litigation are also involved in the Arizona Action." *Hilb Rogal & Hobbs Co. v. Driver Alliant Ins. Servs., Inc.*, No. CV05-2438-PHXMHM, 2006 WL 2380667, at *3 (D. Ariz. Aug. 16, 2006)(internal citations omitted).  The state court action and this action are far from parallel when all parties and claims are considered, especially after the state court has since denied Dulceria's motion to establish that parallelism.  The lack of even substantial parallelism favors lifting the stay.

The sixth factor in the abstention analysis, whether the state court can protect the rights of the parties, is clearly now in favor of Dulceria.  It literally has no recourse against Mercedes, Lionheart, and the Phoenix Motor employees in the state court action unless and until Dulceria later prevails on an appeal of the state court's ruling failing to allow Dulceria to join them.  The federal case is now needed to protect Dulceria's rights, it is not merely an alternative forum.

The seventh factor, forum shopping, is in favor of Dulceria.  Dulceria has no choice but to continue in this forum, having tried in earnest to pursue all of its claims against all of the defendants in the state court case.  Abstention would now operate to grant the other defendants a lengthy stay of the only action against them, which is not consistent with the doctrine's purpose.

The eighth factor, whether the state court will resolve all the issues before the federal court, was not true before and is clearly not true now.  It is quite impossible for the state court action to

6

resolve claims against parties that are not before it through no fault of Dulceria. The state court ruling faults Dulceria for not adding the other defendants as parties in February of 2023, <u>after this litigation had been filed</u>. Dulceria is being blamed for not creating the circumstances that would favor abstention, but abstention was invoked regardless. Dulceria should not be denied justice based upon procedural rulings in the state court that failed to take into account the existence of the federal lawsuit against those same parties. The only reason parties were not added to the state court case in February of 2023 was because the same parties were being sued in this case. If those parties cannot be sued in this forum, then it only makes sense to allow Dulceria to bring its claims in the state court matter. The state court disagreed, leaving Dulceria to look only to this Court for redress.

**IV.      The State Court Has Still Not Exercised *In Rem* Jurisdiction Over The Vehicle.**

This Court granted a stay based upon abstention in part because the state court had invoked jurisdiction over the Vehicle. As noted above, that is still not the case. There is no pending action to determine the right to possess the Vehicle or to transfer its title. This Court may therefore confirm that Dulceria is and always has been the Vehicle's lawful owner. The conversion action brought by Phoenix Motor is not an *in rem* proceeding, as a replevin action would be.[2] *See*, e.g., *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1110 (N.D. Cal. 2014)("Hanover does not ask the court to seize the funds as part of this action, but rather asks the court to determine its rights to the funds. It is well settled that such actions are properly classed as *in personam*."). This Court is thus not prevented from considering the Vehicle's title issue. "The prior exclusive jurisdiction doctrine holds that 'when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), certified question answered sub nom. *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 302 P.3d 1103 (2013). That principle would prevent

---

[2] The State Court's prior order granting possession to Phoenix Motor via a Temporary Restraining Order was found to be illegal. The State Court was ordered to proceed in replevin, which it has not.

this Court from deciding the title issue for the purpose of establishing legal ownership and possession of the Vehicle only if both courts were proceeding *in rem*. Neither court is. Instead, issue preclusion would have to apply to prevent this Court from deciding the title issue if it is material to the claims in this case.

In Arizona, issue preclusion requires among other things that a "final judgment was entered". *Chaney Building Co. v. City of Tucson*, 148 Ariz. 571, 573, 716 P.2d 28, 30 (1986). There is no final judgment on the title issue in state court. Therefore, it is within this Court's discretion to decide that same issue if it pertains to any claim in this case. This litigation may very well conclude before the state court issues any final judgment, much less proceeds through the appeal process. The issue of title to the Vehicle is open for this Court's consideration. Based upon the foregoing, this Court should lift the stay and continue with this litigation, even if issues to be decided relate to the title to the Vehicle.

## V.    Conclusion

This Court invoked the abstention doctrine under the premise that the federal and state court cases were essentially parallel, and that the state court forum could provide a resolution of the federal case claims. That is clearly not now the case, given the state court's rejection of Dulceria's attempt to add the parties and claims from the federal case to the state court case. Mercedes, Lionheart, and the Phoenix Motor employees should not enjoy a long vacation from this litigation to await the outcome of the state court matter that may resolve nothing as it relates to Dulceria's claims against them for invasion of privacy, violation of Arizona's Consumer Fraud Act, negligence, breach of implied contract, and computer tampering. Respectfully, this Court's stay should be lifted and this litigation should proceed.

DATED this 20th day of March, 2024.

SCHERN RICHARDSON FINTER, PLC

By /s/ Rob Somers
Michael A. Schern

Aaron M. Finter
M. Rob Somers
1640 S. Stapley Dr., Ste. 132
Mesa, AZ 85204
*Attorneys for Plaintiffs Zakia J. Rajabian and Dulceria La Bonita Wholesale*

I hereby certify that on March 20, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Matthew D. Kleifield, Esq.
Robert C. Ashley, Esq.
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Matthew.Kleifield@lewisbrisbois.com
Robert.Ashley@lewisbrisbois.com
*Attorneys for Defendant Mercedes-Benz USA, LLC*

Larry J. Cohen, Esq.
THE COHEN LAW FIRM
PO Box 10056
Phoenix, Arizona 85064
ljc@ljcohen.com
*Attorneys for Defendants Phoenix Motor Company, Inc.,
Vern Foutz, Jeff Nowak and Gus Gonzales*

Brendan Murphy, Esq.
HENDRICKS MURPHY, PLLC
1440 E. Missouri Avenue, Suite C-225
Phoenix, AZ 85014
Brendan@hendricksmurphy.com
*Attorneys for Phoenix Motor Company, Inc.,
Vern Foutz, Jeff Nowak and Gus Gonzales*

Jill Ormond
Steven Crocchi
GORDON REES SCULLY MANSUKHANI, LLP
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004
jormond@grsm.com
scrocchi@grsm.com

*Attorneys for Lionheart Security International Consulting, LLC and Gerald Scheibly*

By: Ann Smith

**Exhibit A**

(November 1, 2022 Order of the Arizona Supreme Court)



# Supreme Court

## STATE OF ARIZONA

| ROBERT BRUTINEL | ARIZONA STATE COURTS BUILDING | TRACIE K. LINDEMAN |
|---|---|---|
| Chief Justice | 1501 WEST WASHINGTON STREET, SUITE 402 | Clerk of the Court |
| | PHOENIX, ARIZONA 85007 | |
| | TELEPHONE: (602) 452-3396 | |

November 1, 2022

**RE:   DULCERIA et al v HON. COOPER/PHOENIX MOTOR**
       Arizona Supreme Court No. CV-22-0167-PR
       Court of Appeals, Division One No. 1 CA-SA 22-0089
       Maricopa County Superior Court No. CV2022-003384

GREETINGS:

The following action was taken by the Supreme Court of the State
of Arizona on November 1, 2022, in regard to the above-
referenced cause:

**ORDERED: Petition for Review = GRANTED.**

**FURTHER ORDERED:  Remanding this matter to the superior court to
dissolve the temporary restraining order and proceed in
compliance with A.R.S. §§ 12-1301 to -1314.**

**FURTHER ORDERED: Request for Attorneys' Fees (Petitioners
Dulceria et al) = DENIED without prejudice to seek fees before
the superior court at the conclusion of the lawsuit.**

Tracie K. Lindeman, Clerk


TO:

Michael Andrew Schern
Yusra Batool Bokhari
Jennifer Putnam Ooms
Hon Katherine Cooper, Judge
Katherine Cooper
Larry J Cohen
Brendan A Murphy
Amy M Wood
Raymond L Billotte

Arizona Supreme Court No. CV-22-0167-PR
Page 2 of 2

Hon Katherine Cooper
Hon Joseph C Welty
Hon Danielle J Viola
Lexis Nexis
Thomson Reuters
West Publishing Company
jd

**Exhibit B**

(Ruling re Request for Signed Final Order dated May 24, 2023)

Clerk of the Superior Court
*** Electronically Filed ***
05/26/2023 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                          05/24/2023

                                          CLERK OF THE COURT
HONORABLE KATHERINE COOPER              P. McKinley
                                                Deputy

PHOENIX MOTOR COMPANY INC              LARRY J COHEN

v.

DULCERA LA BONITA WHOLESALE L L C,     MICHAEL A SCHERN
et al.

                                          NICK KOTOUKIN
                                          8900 WAKEFIELD AVE
                                          PANORAMA CITY CA  91402
                                          ERIC WILLIAM SCHMIDT
                                          NANCY K SWIFT
                                          BRENDAN A MURPHY
                                          JEFFREY ISAACSON
                                          ALISA A. GIVENTAL
                                          COURT OF APPEALS
                                          JUDGE COOPER


RULING RE REQUEST FOR SIGNED FINAL ORDER

       Pending is the Dulceria Defendants' Request for Signed Final Order filed April 20, 2023. The Court has reviewed the Request, Response, and Reply.

       The Dulceria Defendants request the Court enter the January 30, 2023 Rulings re Cross-Motions for Summary Judgment ("Ruling") as a final Rule 54(b) judgment.

       Under Rule 54(b), the Court "may direct entry of a final judgment" under Rule 54(b) if the Court has adjudicated one or more, but less than all, claims and finds that there is no just reason to delay entering a final judgment on the adjudicated claim(s).

Docket Code 019                    Form V000A                           Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                              05/24/2023

The Ruling is not Rule 54(b) eligible. Not one claim in this case has been fully resolved. The Cross-Motions presented, and the Court decided, one part of one claim (Count 3 for Conversion) from among the multiple claims and counterclaims pending.

IT IS ORDERED denying the Request for Signed Final Order.

**Exhibit C**

(Rulings re Motions to File Amended Counterclaims and New Third-Party Complaints, dated March 8, 2024)

Clerk of the Superior Court
*** Electronically Filed ***
03/14/2024 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                          03/13/2024


                                                        CLERK OF THE COURT
HONORABLE TIMOTHY J. RYAN                               M. R. Diaz
                                                           Deputy



PHOENIX MOTOR COMPANY INC              LARRY J COHEN

v.

DULCERA LA BONITA WHOLESALE L L C,     MICHAEL A SCHERN
et al.



                                       NICK KOTOUKIN
                                       8900 WAKEFIELD AVE
                                       PANORAMA CITY CA  91402
                                       ERIC WILLIAM SCHMIDT
                                       NANCY K SWIFT
                                       JUDGE RYAN




RULINGS RE MOTIONS TO FILE AMENDED COUNTERCLAIMS
AND NEW THIRD-PARTY COMPLAINTS – *CORRECTED*[1]


        Pending are the Dulceria Defendants' Motion for Leave to File Amended Counterclaims and Third-Party Complaint field January 10, 2024, and Motion for Leave to File Third-Party Compliant Against Penske Automotive Group, Inc. filed January 22, 2024. Dulceria seeks to add seven new parties and associated claims and four more claims against Phoenix Motor Company (PMC). Having reviewed the Motions, Responses, and Replies and the relevant law, the Court denies the request to file a Third-Party Complaint and grants the January 10, 2024 Motion as to the claims against PMC.

---

[1] This Ruling corrects the Ruling filed March 12, 2024 to include the order to file the Second Amended Counterclaim that was inadvertently omitted. The March 12, 2024 filing has been removed from the docket to avoid confusion.

Docket Code 019                    Form V000A                        Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                      03/13/2024

The relevant procedural history is:

On June 6, 2022, the Dulceria Defendants filed their Answer and Counterclaim, asserting three claims against PMC primarily related to PMC's use of the MercedesMe system to locate and recover the car.

On January 30, 2023, on Cross-Motions for Summary Judgment, the Court resolved the central issue in this case – ownership of the vehicle. It found that PMC owns the car and granted PMC judgment on its Conversion claim.

On February 2, 2023, Dulceria filed a Motion to File Amended Counterclaim ("2023 Motion to Amend") to add allegations and a fourth cause of action against PMC also related to PMC's tracking the vehicle. In the 2023 Motion to Amend, Dulceria told the Court that, now that the Court had decided the ownership issue, it was "the perfect opportunity to revise [their] Counterclaim." 2/2/2023 Motion to Amend at 3. They identified as witnesses (but did not move to join) individuals and entities that they now want to add as parties. Dulceria avowed to the Court and stated expressly, "New parties are not being added."

On January 25, 2023, one week before filing the 2023 Motion to Amend, Dulceria filed a Complaint in District Court, CV-23-00168-PHX-MTL, against PMC and the same individuals and entities referenced in the 2023 Motion.

On November 22, 2023, the U.S. District Court granted PMC's Motion to Dismiss under the *Colorado River* abstention doctrine, finding that the federal case duplicated this state court litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (holding federal court abstention may be appropriate where parallel state court proceedings are in play; "exact parallelism" between the two actions is not required). The District Court noted that the Superior Court had already determined the central issue -- ownership of the car – in PMC's favor. The District Court rejected Dulceria's attempt to re-litigate the ownership issue in federal court.[2] It further found that all of the claims and defendants in Dulceria's federal action could have been addressed/named in the state court case. Instead, Dulceria initiated a new action in the District Court "after it suffered a series of adverse rulings in the state court system." Order at 6. Following a detailed analysis of the *Colorado River* factors, the District Court granted PMC's Motion to Dismiss by staying the federal proceeding pursuant to the abstention doctrine.

---

[2] Dulceria moved for leave to file a Second Amended Complaint against PMC in part to add a claim for declaratory judgment seeking a declaration that it is the G63's rightful owner. PMC asserted that the proposed claim was an attempt at an impermissible appeal from the Superior Court's ruling that PMC's ownership interest is superior to Dulceria's. Without addressing the merits of the claim, the District Court denied the motion for leave as untimely.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                                    03/13/2024

Now, having suffered a series of adverse rulings in federal court, Dulceria contends that it is entitled to bring the parties and claims from the federal court case to this state court case and, in addition, sue the dealership that sold the car to Dulceria, Penske Automotive Group dba MB North Scottsdale.

**New Parties**

The Court applies the liberal-amendments standard. Under Rule 15(a)(2) leave to amend is generally liberally allowed "in the interest of justice." However, "it is within the discretion of the trial court whether under all the facts and circumstances an amendment should be permitted." *Romo v. Reyes*, 26 Ariz. 374, 375 (App. 1976). Denying leave to amend when the movant has failed to cure deficiencies by previous amendment or the amendment(s) is/are futile is not an abuse of discretion. *In re Estate of Torstenson v. Valley Nat'l Bank*, 125 Ariz 373, 376 (App. 1980). *Owen v. Superior Court of State of Ariz., In and for Maricopa County*, 133 Ariz. 75, 79 (1982); and *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 597 (App. 1991).

The Court denies the Motions as to filing a Third-Party Complaint. Regarding PMC employees Foutz, Nowak, and Gonzales; Mercedes-Benz USA, LLC; Lionheart Security International Consulting; and Gerald Scheibly, Dulceria failed to cure the deficiency with their 2023 Motion to Amend over a year ago. Dulceria made a conscious, informed decision not to sue these individuals/entities in this action. When Dulceria told the Court that "[n]ew parties are not being added," they knew about these parties and their allegations against them. This knowledge is evidenced by their 2023 supplemental allegations and their District Court Complaint filed a week before the 2023 Motion to Amend. Dulceria's unhappiness with the District Court's Order does not mitigate their failure to cure by timely, previous amendment in this case.

Regarding Penske Automotive Group, Inc. dba MB North Scottsdale, the proposed amendment is also futile on its face. Dulceria wants to add a claim for declaratory judgment regarding "the issue of title" to the G63. A claim for declaratory judgment requires a justiciable controversy. *Planned Parenthood Ctr. of Tucson, Inc. v. Marks*, 17 Ariz. App. 308, 310 (1972). There is no justiciable controversy for two reasons. First, the the issue of title is irrelevant. The Court has ruled that PMC owns the car and rejected Dulceria's title argument. Second, Dulceria does not allege that MB North Scottsdale disputes Dulceria's argument.

In addition, in considering "all the facts and circumstances," the Court finds that the proposed Third-Party Complaint will unreasonably and unnecessarily expand this proceeding. For example, naming PMC employees personally achieves nothing substantively. PMC acknowledges that the employees acted in the course and scope of their employment. Further, since PMC did not name Mercedes-Benz USA, LLC, Penske, Lionheart, or Scheibly as non-

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-003384                                                    03/13/2024

parties at fault, joining them is not necessary to ensure that a jury does not assess fault to a non-party.

**New Claims Against PMC**

PMC urges the Court to deny leave to add new claims against PMC because the claims would be dismissed under Rule 12(b)(6), making amendment futile.

Denial of leave to amend to add a new legal theory is generally an abuse of discretion. *Owen*, 133 Ariz. at 79. Notwithstanding the futility doctrine, challenging proposed claims in response to a motion to amend does not, in the Court's view, allow for adequate briefing on the legal sufficiency of the claims. Accordingly, the Court grants the Motion to Amend to add the counts against PMC and will address the PMC's futility arguments after full briefing on a motion to dismiss.

**Conclusion:**

**IT IS ORDERED** denying the Motions for Leave to File Third-Party Complaint.

**IT IS FURTHER ORDERED** granting the Motion for Leave to File [Second] Amended Counterclaim to plead the proposed new claims against PMC. Dulceria shall file and serve the Second Amended Counterclaim by **March 19, 2024**.

**IT IS FURTHER ORDERED** that PMC shall file any Motion to Dismiss by **March 26, 2024**.

Docket Code 019                    Form V000A                            Page 4