Larry J. Cohen, State Bar No. 010192
THE COHEN LAW FIRM
P. O. Box 10056
Phoenix, AZ  85064
(602) 266-3080 (Office)
(602) 926-0376 (Fax)
ljc@ljcohen.com

Brendan Murphy, State Bar No. 021947
HENDRICKS MURPHY, PLLC
1440 E. Missouri Avenue, Suite C-225
Phoenix, Arizona 85014
(602) 604-2104
Brendan@hendricksmurphy.com
*Attorneys for Defendants Phoenix Motor Company,*
*Foutz, Nowak, and Gonzales*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zakia Jackline Rajabian, a married woman, and Dulceria La Bonita Wholesale, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>Mercedes-Benz USA, LLC, a New York limited liability company; Phoenix Motor Company, Inc., d/b/a Mercedes-Benz of Scottsdale, an Arizona corporation; Vern Foutz, an unmarried man; Jane Doe Foutz, a married woman; Jeff Nowak, a married man; Jane Doe Nowak, a married woman; Gus Gonzales, a married man; Jane Doe Gonzales, a married woman; Lionheart Security International Consulting, LLC, an Arizona limited liability company; Gerald Scheibly, a married man; Jane Doe Scheibly, a married woman,<br><br>Defendants. | NO. 2:23-CV-00168-MTL<br><br>**DEFENDANTS PHOENIX MOTOR COMPANY'S, FOUTZ, NOWAK, AND GONZALES'S RESPONSE TO PLAINTIFFS' MOTION TO LIFT STAY** |

1

Defendants Phoenix Motor Company, Inc., d/b/a/ Mercedes-Benz of Scottsdale ("Phoenix Motor"), Vern Foutz, Jeff and Jane Doe Nowak, Gus and Jane Doe Gonzales (collectively the "PMC Defendants") hereby oppose the Dulceria Parties' exceptionally premature Motion to Lift Stay and requests that the Court maintain the stay it recently ordered on "all claims pending the outcome of the state court litigation." (December 19, 2023 Minute Entry Order [Doc. 79]; *see also* November 22, 2023 Order Staying case [Doc. 76].) This response is supported by the following Memorandum of Points and Authorities, as well as Judge Cooper's March 13, 2024 Rulings Re Motions to File Amended Counterclaims and New Third-Party Complaints – *Corrected* ("March 2024 State Court Rulings") in *Phoenix Motor Company v. Dulceria La Bonita, et al.*, CV2022-003384 ("State Court Action"), a copy of which is attached hereto at Exhibit ("Ex.") 1. This Motion is further supported by the PMC Defendants' court filings in this case at Docs. 33, 49, 66, and 72, all of which are incorporated herein by this reference.

## 1. INTRODUCTION

The ongoing procedural nightmare that is this multi-court lawsuit is squarely and solely down to the choices the Dulceria Parties made when they elected to engage in piecemeal litigation and forum shop claims that both this Court and Judge Cooper in the State Court Action agree should have been asserted in the State Court Action long ago and all along. Indeed, at least some of these claims were known to the Dulceria Parties at the time they filed their initial counterclaim in the State Court Action on June 6, 2022, and certainly all the claims and all the contemplated parties were known to them by February 2, 2023, when the Dulceria Parties filed a Motion to File Amended Counterclaim in the State Court Action. (Ex. 1, March 2024 State Court Rulings at 3.) As both this Court and Judge Cooper in the State Court action have now found, the Dulceria Parties knew about these claims for well over one year when they filed their February 2, 2023 Motion to Amend, but failed to bring those claims in the State Court Action. The Dulceria Parties made a "conscious, informed

decision not to sue" the Phoenix Motor employees, Lionheart Security International Consulting LLC ("Lionheart"), Gerald Scheibly, and Mercedes Benz USA LLC ("Mercedes") in the State Court Action, despite knowing that it had these claims over a year ago. (Ex. 1.) And, as this Court also recognized: "[e]ach claim asserted in this case against PMC could have been brought as a counterclaim in the Superior Court. Each Defendant that is new to the case could have been added by Dulceria in the state court proceedings. Dulceria chose not to proceed that way." (Order [76] at 8:13-16.)

Conveniently, the Dulceria Parties now ignore the substance of this Court's November 22, 2023 Order [76] granting the PMC Defendants Motion to Dismiss and December 19, 2023 Minute Entry Order [79] broadly "staying the case on all claims pending the outcome of the state court litigation." Why? Because the Dulceria Defendants received yet another adverse ruling in the State Court Action and now want this Court to fix their procedural and substantive pleading mistakes. But this Court's factual findings and legal conclusions in its Order [76] made clear that the Dulceria Parties' procedural choices were theirs alone, and have caused, among other things, a significant risk of piecemeal litigation and the incumbent risk of conflicting rulings between courts. These same risks still exist today. The Federal Court is not, and cannot be, a safety valve for the Dulceria Parties' ill-fated strategic pleading decisions. They made their choices and should be required to live with them.

With this background as context, the Motion to Lift the Stay should be denied for two reasons. First, considering this Court's Order, the Motion to Lift Stay is *premature* and the issue is simply not ripe for consideration because there has not yet been an "outcome" on all pending claims in the State Court Action. [Doc. 76].

Second, prematurely lifting the stay before there is a fully litigated outcome in the State Court Action not only flies in the face of this Court's Order staying the case, but ignores the rationale under *Colorado River* doctrine and this Court's

reasoning imposing the stay in the first instance. [Docs. 76; 79]. This Court's analysis of the *Colorado River* doctrine factors still applies with the same force and effect as when the Court first ordered the stay on November 22, 2023 [Doc. 72], date} and reaffirmed that decision when challenged about it during the Status Conference held on December 19, 2023 [Doc. 79.]. *Id.*

## 2. RELEVANT PROCEDURAL BACKGROUND

On June 6, 2022, the Dulceria Parties filed an Answer and Counterclaim in State Court asserting three claims against Phoenix Motor, two of which related to the use of the Mercedes Me application to locate and recover the subject vehicle, a 2021 Mercedes Benz G63 (the "Vehicle"). (*See* Ex. 1, March 2024 State Court Rulings.)

On January 30, 2023, the State Court ruled on Cross-Motions for Summary Judgment ruling Phoenix Motor is the rightful owner of the Vehicle. Specifically, the State Court ruled, as a matter of law, that "Phoenix Motor acquired its ownership interest in the G63 on October 28, 2021 when [Wholesale Exotics] cashed Phoenix Motor's check and Phoenix Motor received the Wholesale Bill of Sale. Phoenix Motor's ownership interest is superior to Dulceria's claim. As a matter of law, the car belongs to Phoenix Motor who has the right to its immediate possession." *Id.*

On February 2, 2023, the Dulceria Parties filed a Motion to File Amended Counterclaim ("2023 Motion to Amend") to add allegations and a fourth cause of action against Phoenix Motor related to tracking the Vehicle. *Id.* Through the 2023 Motion to Amend, the Dulceria Parties told the Court that, now that the Court had decided the ownership issue, it was "the perfect opportunity to revise [their] Counterclaim." (*Id.*) Defendants Foutz, Nowak, Gonzales, Mercedes Benz USA, Lionheart Security, and Gerald Scheibly were all identified as witnesses in the proposed amended pleading, but the Dulceria Parties did not move to include these parties through the 2023 Motion to Amend. (*Id.*) It was important to the State Court

Judge in the March 2023 State Court Rulings [Ex. 1] that the Dulceria Defendants "avowed to the Court and stated expressly, 'New parties are not being added.'" (*Id.*)

On January 25, 2023, one week before filing the 2023 Motion to Amend, the Dulceria Parties filed its Complaint in this District Court, CV-23-00168-PHX-MTL, against Phoenix Motor and the same individuals and entities referenced in the 2023 Motion to Amend.

On November 22, 2023, this District Court granted the Phoenix Motor Defendants' (including employees Foutz, Nowak, and Gonzales) Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to the *Colorado River* abstention doctrine and stayed the Federal Court action. [Doc. 76.] After supplemental briefing to answer outstanding questions this Court had with respect to how to proceed, the Court, ordered, *inter alia*, "staying the case on all claims pending the outcome of the state court litigation." [Doc. 79]

The Dulceria Parties then promptly turned right back the State Court and filed another Motion to Amend to include claims and parties named in the Federal Court Action.  (Motion to Amend briefing attached at Exhibit 2.) Additionally, the Dulceria Parties sought leave to include a third-party declaratory relief claim against Penske Automotive Group, dba MB North Scottsdale, asking for declaratory relief on the issue of title, even though (1) the title issue they raised had already been resolved and rendered irrelevant by the Court's prior ruling on ownership and right to possession, and (2) there was no justiciable controversy to be heard because the Dulceria Parties failed to allege that MB North Scottsdale disputed the Dulceria Parties' title arguments. (Ex 1. at 3.)

On March 14, 2024 Judge Cooper issued the March 2024 State Court Rulings through which she denied the Dulceria Parties' motion for leave to file a third-party complaint against MB North Scottsdale, denied the Dulceria Parties' motion to add Foutz, Nowak, Gonzales, Mercedes-Benz, Lionheart and Scheibly, but granted the Dulceria Parties' motion to amend to add claims against Phoenix Motor for (1) Aiding

and Abetting Violations of the Consumer Fraud Act; (2) Negligence; (3) Violation of 18 U.S.C.A. §2511 (the "Wiretap Act"); (4) Count Eight: Violation of 18 U.S.C.A. §2701 (the "SCA"). (Ex. 1.)

Almost immediately following this largely adverse ruling, the Dulceria Parties jumped back to the District Court to lift the stay and rescue them from their prior pleading decisions.  In doing so, the Dulceria Parties ignore the express language in this Court's Order [Doc. 79] imposing a stay on all claims until the outcome of the State Court Action. There has not yet been an outcome.  The Motion should be denied.

### 3.  LEGAL ARGUMENT

#### 3.1    The Dulceria Parties' Motion to Lift Stay is not ripe and is contrary to the Court's order staying the District Court Action

This Court unequivocally ordered that this case is stayed "on <u>all claims</u> pending the outcome of the state court litigation." (Doc. 79) (emphasis added). This Court did not stay this case pending the outcome of the Dulceria Parties' late effort to amend its pleadings in the State Court Action. Nor did this Court's order provide a safety valve for the Dulceria Parties if Judge Cooper, in her discretion, denied the Dulceria Parties' very untimely motion to add additional claims and new parties to the State Court Action. Certainly, it cannot be the District Court's obligation to save the Dulceria Parties' from their intentional and strategic failure to timely and properly raise claims and add new parties in the parallel State Court Action. This Court's order staying this case confirms that the Dulceria Parties cannot now seek such relief from the District Court. [Docs. 72, 79.]

This Court stayed the Federal Action pending the "outcome" of the State Court Action, which has not yet concluded. [Doc. 79.] As the Dulceria Defendants must acknowledge, their additional claims against Phoenix Motor (aiding and abetting violations of the consumer fraud act; negligence; (3) violation of the federal Wiretap

Act; and (4) violation of the federal Stored Communications Act **are still pending in the State Court Action**, along with all the other previously alleged claims asserted against Phoenix Motor that arise out of the same nucleus of facts and law identified in the Federal Action.[1] And so, the Dulceria Parties' suggestion that the stay should be lifted now, putting the same claims in issue in two different forums against Phoenix Motor, is antithetical to the *Colorado River* doctrine and this Court's application of the abstention doctrine to this case.

It also bears noting that when Judge Cooper granted that part of the Dulceria Parties' Motion to Amend  seeking to allow the claims previously asserted in this Court against Phoenix Motor to proceed in the State Court Action, Judge Cooper observed that those claims involving allegations related to the conduct not only of Phoenix Motor, but also its employees (Defendants Foutz, Nowak, and Gonzales) who were at all times working within the course and scope of their employment with Phoenix Motor.  She said they also related to the conduct of Mercedes-Benz and Lionheart. The stay is in place, for among other reasons, to avoid piecemeal litigation and conflicting/adverse rulings. Lifting the stay now would invariably result in piecemeal litigation and create a high risk of conflicting/adverse rulings.

The mere fact that the State Court venue is now unavailable to the Dulceria Parties – because of their own ill-advised strategic choices – does not mean the stay should be lifted.  The express language of the Court's order imposing a stay is clear that it shall remain in place until there is an outcome of the State Court Litigation.

Consequently, the PMC Defendants respectfully request the Court deny the Dulceria Parties' premature and unripe Motion to Lift Stay because the Court's order staying the case until there is an outcome in the State Court Action has not yet occurred.

---

[1] The Dulceria Parties' recently amended claims are now subject to a Motion to Dismiss, filed April 3, 2024 (*See* Motion to Dismiss is attached at Ex. 2.)  It remains to be seen what the State Court Judge will rule.

### 3.2    The *Colorado River* Doctrine Factors continue to support staying this matter.

Furthermore, each and every *Colorado River* doctrine factor this Court previously found to favor abstention still supports the District Court continuing to abstain from hearing this case and leaving the stay in place. Under these circumstances, this Court can and should continue to abstain from adjudicating the case on the basis of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989), citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

### 3.2.1  Jurisdiction over the Vehicle.

The State Court continues to retain and assert jurisdiction over the Vehicle, which is clearly supported by the State Court's ruling that Phoenix Motor is the rightful owner of the Vehicle, with an ownership interest that is superior to that claimed by the Dulceria Parties. For example, the State Court demonstrated its jurisdiction when it denied the Dulceria Parties' Motion for Leave to File a Third-Party Claim against MB North Scottsdale, stating "[t]itle is irrelevant. The Court has ruled that PMC owns the car and rejected Dulceria's title argument." Nothing related to this factor has changed, and for the same reasons, this factor continues to favor abstention. (Order [76] at 4:7-14)

### 3.2.2  Piecemeal Litigation

This Court found this factor "strongly favors abstention" because "of the overlapping nature of the claims, the parties' possessory interest in the vehicle, and the risk of adverse rulings." Juge Cooper's March 2024 State Court Rulings confirm this Court's finding in the Order [76] that

> Dulceria could have asserted the aiding and abetting, Arizona consumer fraud, negligence, and Wiretap Act claims against PMC in state court. Moreover, Dulceria could have filed a separate complaint state court complaint against Mercedes-Benz USA, LLC ("MBUSA")

and the other defendants in state court and moved to consolidate the two actions. Dulceria did no such thing. Instead, almost a year after PMC started the state court proceedings, and after it suffered a series of adverse rulings in the state court system, Dulceria filed a new case in the United States District Court. Because of the overlapping nature of the claims, the parties' possessory interest in the vehicle, and the risk of adverse rulings, the Court finds that this factor strongly favors abstention.

Even though certain claims and new parties were not permitted to join the State Court Action, there is still a risk of piecemeal litigation and adverse rulings if the stay is lifted before there is a final outcome of the State Court Action. There is no question that both the State and Federal courts will be considering the same evidence, evaluating the same legal issues about the still existing claims against Phoenix Motor, and could very well reach different conclusions as to those facts and evidence. Judge Cooper has made it plain that the Dulceria Parties have identified, through their own pleadings, that the Phoenix Motor employees, Mercedes, Lionheart and Scheibly are all witnesses.  They will all be involved in the State Court Action as witnesses. That evidence will be evaluated and weighed in the State Court Action, and the outcome of the claims against Phoenix Motor in the State Court Action on Dulceria's counterclaims may well result in different results if the Federal Court stay is lifted and the Dulceria Parties are permitted to proceed on two overlapping fronts.

For these reasons, this factor still weighs strongly in favor of abstention.

### 3.2.3  Order in which the Forums obtained Jurisdiction.

This factor favors continued abstention and keeping the Order staying this case in place. There is no dispute that the State Court Action obtained jurisdiction first. And with the Federal Court action stayed pursuant to this Court's Order the State Court action continues to progress toward resolution.  The State Court has held the Dulceria Parties to account not just for delaying so long to bring in new claims against new parties but for previously avowing to the Court that neither these new parties nor the claims against them were needed.  There is still pending a

Motion for Summary Judgment filed by Intervenor Mercedes Benz Financial Services on the issue of ownership, Phoenix Motor's Motion to Dismiss on substantive grounds the counterclaims the Dulceria Parties pulled over from the stayed Federal Action, and Phoenix Motors' soon to be filed claim dispositive motion on Phoenix Motor's conversion claim.

Because the Superior Court obtained jurisdiction first and more progress continues to be made in the State Court Action than has been made in this stayed Federal case, this factor favors continued abstention and maintenance of the stay order until there is an outcome in the State Court Action.

### 3.2.4 Whether federal or state law provides the rule of decision on the merits.

This factor weighs whether the State Court might be unable to enforce Federal rights. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017). As this Court knows, Arizona has "concurrent jurisdiction with the Federal Courts to enforce rights created by Federal law." *See Baker v. Rolnick*, 210 Ariz. 321, 325, ¶ 18, 110 P.3d 1284, 1288 (App. 2005), citing *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 507–08, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962).  And, where Arizona courts have concurrent jurisdiction over Federal claims, as they do here, Arizona Courts apply the Federal substantive law along with the attendant Federal rules and policies governing such causes of action." *Baker*, 210 Ariz. at 326; *see e.g., Shermohmad v. New York Life Ins. Co.*, CIVA 06-6072, 2006 WL 2513398, at *4 (E.D. La. Aug. 25, 2006) (in ruling for abstention, finding state protection of rights a neutral factor because "Louisiana state courts have concurrent jurisdiction to consider civil RICO claims.")

Right now, of the eight (8) counterclaims pending against Phoenix Motor in the State Court Action, only two of them are federal claims -- Wiretap Act claim and the SCA claim.  Phoenix Motor now has a motion pending to dismiss both of them on substantive grounds. As this Court previously noted, the State Court has the authority to adjudicate claims such as the Wiretap Act and SCA claims. *See Young v. Young,* 211

Mich. App. 446, 449 n.1, 536 N.W. 2d 254, 255 n. 1 (1995)(state court has concurrent jurisdiction over Wiretap Act claims); *Doe 1 v. AOL LLC*, C 06-5866 SBA, 2010 WL 431890, at *4 (N.D. Cal. Feb. 2, 2010) (Holding that "state courts possess concurrent jurisdiction over and may thus consider claims brought under the ECPA" which includes the Wiretap Act and the SCA.)

This factor favors continued abstention and maintaining the stay order currently in place.

### 3.2.5   State Court can protect the rights of parties.

Because six (6) of the eight (8) counterclaims now pending against Phoenix Motor in the State Court Action are state law claims, and because the State Court has concurrent jurisdiction to hear the Federal Wiretap Act and SCA claims, the rights of the parties are fully protected in the State Court. This factor again favors maintaining the stay under the abstention doctrine.

### 3.2.6   The Dulceria Parties' Forum Shopping Continues

The premature Motion to Lift the Stay is just another textbook example of the Dulceria Parties' forum shopping.  Both the District Court and the State Court agree that the Dulceria Parties asserted their claims in the District Court action in an attempt to forum shop. Both Courts have said, quite rightly, that the counterclaims and new parties should have been brought in the State Court Action when it was time more than a year ago to do so.  As Judge Cooper ruled through the March 2024 State Court Rulings:

> Dulceria failed to cure the deficiency with their 2023 Motion to Amend over a year ago. Dulceria made a conscious, informed decision not to sue these individuals/entities in this action. When Dulceria told the Court that "[n]ew parties are not being added," they knew about these parties and their allegations against them. This knowledge is evidenced by their 2023 supplemental allegations and their District Court Complaint filed a week before the 2023 Motion to Amend. Dulceria's unhappiness with the District Court's Order does not mitigate their failure to cure by

11

timely, previous amendment in this case.

And, as this Court pointed out, "[e]ach claim asserted in this case against PMC could have been brought as a counterclaim in the Superior Court. Each Defendant that is new to the case could have been added by Dulceria in the state court proceedings. Dulceria chose not to proceed that way." Order [76] at 8:13-16.

The State Court has now handed the Dulceria Parties another unfavorable ruling (Ex. 1) based on their misguided strategic choices in early 2023 to forum shop in the first instance rather than assert claims it knew it had in the State Court Action. Rather than continue to litigate in the State Court Action and respect this Court's decision to put the stay in place, the Dulceria Parties now run back to this Court seeking relief from a State Court ruling that was adverse to them because of their own poor decisions.

This conduct is exactly what the forum shopping factor was intended to protect against. The March 2024 State Court Rulings denying the Dulceria Parties' attempt to include new parties and new claims in the State Court Action is a direct result of their forum shopping. To lift the stay now, would not only condone the Dulceria Parties' forum shopping tactics, but undermine this Court's well-founded rationale that this Federal Action can only be "rationally explained as Dulceria's attempt to find a new playing field with a new court that might provide a different result." [Doc. 76 at 8:13-20.]  Until there is an "outcome" in the State Court Action [Doc. 79], that is, until the State Court Action has been litigated fully, the stay should remain in place.  This Court should not reward the Dulceria Parties' forum shopping schemes and waste the Courts' and the parties' resources by litigating the same issues in two different courts, hoping one will give them more favorable rulings than they could obtain in the other.

This factor, more so now than before, favors a continuation of the stay that is currently in place.

### 3.2.7. Whether the state court will resolve all the issues before the federal court.

The State Court is now in the process of addressing and resolving all claims that were pending before this Court prior to the stay order. Most recently, Judge Cooper denied the Motion to Amend to add the Phoenix Motor employees, Mercedes-Benz, Lionheart and Scheibly, as well as proposed third-party defendants MB North Scottsdale[2]. In that ruling, Judge Cooper agreed with this Court and Phoenix Motor that the proposed amended claims and new defendants that were before the District Court, "could have been addressed/named in the state court case." (Ex. 1.) Furthermore, the State Court is now considering Phoenix Motor's Motion to Dismiss the counterclaims (including two federal claims) that the Dulceria Parties brought over from this case and that are still in play in the State Court Action. Finally, Phoenix Motor's case dispositive conversion claim will be up in State Court on motion for full and final resolution

It cannot be stated enough: the Dulceria Parties made a "conscious, informed decision not to sue these individuals/entities" in the State Court Action. (Ex. 1 at 3.) The Dulceria Parties told the State Court over one year ago that "[n]ew parties are not being added" to the State Court Action. They chose to forum shop them to this Court when they could have been fully addressed in the State Court proceeding. *Id.* The Dulceria Parties' "failure to cure by timely, previous amendment in this case" cannot be cured now by turning back to this Court, "[e]ach Defendant that is new to the case could have been added by Dulceria in the state court proceedings. Dulceria chose not to proceed that way." (Order [76] at 8:13-16.)

---

[2] Notably, the Dulceria Parties did not propose a claim against MB North Scottsdale related to selling them vehicle for which MB North Scottsdale did not have an ownership interest in, instead (as mentioned above) the Dulceria Parties filed a declaratory judgment claim alleging that MB North Scottsdale had legal title to the Vehicle and thus, the Dulceria Parties took legal title to the Vehicle. That claim was futile for want of a justiciable controversy.

13

In other words, the State Court was acting fully within its jurisdiction and properly applying its discretion in denying the Dulceria Parties the right to bring untimely claims and new Defendants into the State Court Action when they could and should have done so long before in State Court. Ninth Circuit law supports precluding the Dulceria Parties from raising in this Court "all grounds for recovery which ***could have been asserted, whether they were or not***, in a prior suit between the same parties ... on the same cause of action." *Springs v. First Nat. Bank of Cut Bank*, 835 F.2d 1293, 1296 (9th Cir. 1988) (emphasis added) ("Springs was given the opportunity to raise his bad faith claim during the motion to set aside judgment. His failure to take full advantage of that opportunity precludes him from raising that claim now.")

What's more, and as argued above, the stay in this case is in place until such time as the State Court Action is completed. It is not yet completed and lifting the stay to address *some* defendants and *some* claims in District Court, while most of the claims can and are being litigated in the State Court Action means this factor continues to support abstention and maintaining the stay.

### 4. CONCLUSION

For all the foregoing reasons, the PMC Defendants respectfully request that the Dulceria Parties' Motion to Lift Stay be denied and that this District Court case continue to be stayed until there is a full and final outcome in the State Court Action, as this Court has previously ordered.

DATED this 10th day of April, 2024

THE COHEN LAW FIRM

By: */s/ Larry J. Cohen*
Larry J. Cohen
P.O. Box 10056
Phoenix, Arizona 85064
Attorneys for the PMC Defendants

HENDRICKS MURPHY, PLLC

By: */s/ Brendan Murphy*
Brendan Murphy
1440 E. Missouri Ave., #C-225
Phoenix, Arizona 85014
Attorneys for the PMC Defendants

14

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10th, 2024, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*/s/ Brendan A. Murphy*

15